THOMAS F. KEOUGH *vs.* GEORGE GRIME.

Bristol.    October 24, 1898. — February 28, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, BARKER, & HAMMOND, JJ.

*Prohibition — Insolvent Debtor — Discharge in Insolvency.*

The Pub. Sts. c. 157, § 83, which provide that an insolvent debtor who obtains a discharge in insolvency shall "be forever thereafter discharged and exempt from arrest or imprisonment in any suit, or upon any proceeding for or on account of a debt or demand provable against his estate," include proceedings in which a debt so provable is joined with a separate cause of action accruing after the debtor obtains his discharge. If the creditor desires to arrest the debtor as a means of enforcing satisfaction for the later debt, he must not join it with a debt upon which the debtor is exempted from arrest, or merge it in one judgment with such a debt.

PETITION, for a writ of prohibition, filed December 10, 1897. The respondent filed a motion to dismiss the petition, and demurred thereto.

At the hearing, before *Morton*, J., there was evidence tending to show that on or about September 10, 1897, the Wilbur Shoe Company, a foreign corporation, obtained a judgment in an action of contract against the petitioner in the amount of $274.57; that prior to the rendering of the judgment the petitioner was declared an insolvent debtor by the Court of Insolvency on December 11, 1896, and obtained his discharge in composition on March 25, 1897; that of the amount included in the judgment, $244.26 was for merchandise and interest, sold by and accruing to the Wilbur Shoe Company prior to the first publication of the notice of the issuing of the warrant in the insolvency proceedings, $24.57 was for merchandise sold by the Wilbur Shoe Company since July 26, 1897, and $5.74 was for costs; that this judgment was obtained in the Second District Court of Bristol; that that court issued a notice under Pub. Sts. c. 162, § 19; that the petitioner appeared in court and was examined, and that the case on the examination was submitted to the respondent, the special and acting justice of said court; that the petition for the certificate authorizing the arrest of the petitioner was based on the grounds specified in Pub. Sts. c. 162, § 17, cl. 1;

that the petitioner contended that he could not be arrested upon the judgment; that the respondent herein found that the petitioner had certain personal estate which could not be taken on execution, and ordered the petitioner to convey to the Wilbur Shoe Company the said property, which could not be taken on execution under a conveyance; and that the petitioner refused to make the conveyance, and thereupon the respondent intimated and said that he would issue a certificate authorizing the arrest of the petitioner, and would order his arrest.

The prayer was for a writ prohibiting the respondent from proceeding further in the hearing of the petition of the Wilbur Shoe Company for the petitioner's arrest, and from ordering his arrest or from issuing a certificate therefor, and prohibiting the respondent pending the hearing from acting further in the proceedings. The order was that a writ of prohibition should issue. The defendant appealed to the full court.

*A. S. Phillips*, (*W. E. Fuller* with him,) for the respondent.

*C. R. Cummings*, (*J. W. Cummings* with him,) for the petitioner.

BARKER, J. We are of opinion that the provision of Pub. Sts. c. 157, § 83, which provides that an insolvent debtor who obtains a discharge in insolvency shall " be forever thereafter discharged and exempt from arrest or imprisonment in any suit, or upon any proceeding for or on account of a debt or demand provable against his estate," includes proceedings in which a debt so provable is joined with a separate cause of action accruing after the debtor obtains his discharge. If the creditor desires to arrest the debtor as a means of enforcing satisfaction for the later debt, he must not join it with a debt upon which the debtor is exempted from arrest, or merge it in one judgment with such a debt.

As it now appears that the execution on which the respondent intimated that he would order the petitioner's arrest was in fact a proceeding to enforce a judgment founded in part upon a demand provable in insolvency against the petitioner's estate in the proceedings in which he had obtained his discharge, it is immaterial whether that fact had been made to appear to the respondent. Nor does that question appear to have been raised before the single justice, or to be open upon the appeal.

*Order, that writ of prohibition shall issue, affirmed.*